Mr. L. Ernest Swearingen, Jr., R.S. Environmental Health Specialist DHHS — Sebastian County Health Unit 3112 South 70th Street Fort Smith, AR 72903
Dear Mr. Swearingen:
I am writing in response to your request, made pursuant to A.C.A. § 25-19-105(c)(3)(B) (Supp. 2005), for my opinion on whether the release of certain records would be consistent with the Arkansas Freedom of Information Act ("FOIA"), codified at A.C.A. §§25-19-101 to -109 (Supp. 2005). Your request references an email you received from the Arkansas Department of Health and Human Services, Human Resources Manager, which states that "[t]he Department Heatlh [sic] of Human Services received a freedom of information request for information concerning your (salary) personnel record." See email from Joyce Watson dated August 8, 2006. This email also recites the Department's "decision that documents described above are considered personnel records, are non-exempt from disclosure and thus subject to the Arkansas Freedom of Information Act (FOIA)." You request "an opinion . . . concerning the FOI request information requested in the email." Your further state that you would like to know "who made the request and if any reason was given."
RESPONSE
My duty under A.C.A. § 25-19-105(c)(3)(B) is to determine whether a custodian's decision regarding the disclosure of requested documents is consistent with the FOIA. In the present case, the custodian has determined that the requested records are personnel records and should be released.
To the extent the request seeks only records reflecting the salary of the employees at issue, in my opinion the custodian's decision is consistent with the FOIA.
The FOIA provides for the disclosure upon request of certain "public records," which the Arkansas Code defines as follows:
 "Public records" means writings, recorded sounds, films, tapes, electronic or computer-based information, or data compilations in any medium, required by law to be kept or otherwise kept, and which constitute a record of the performance or lack of performance of official functions which are or should be carried out by a public official or employee, a governmental agency, or any other agency wholly or partially supported by public funds or expending public funds. All records maintained in public offices or by public employees within the scope of their employment shall be presumed to be public records.
A.C.A. § 25-19-103(5)(A) (Supp. 2005). Given that the subject of the request is a state employee, I believe documents containing the requested information clearly qualify as "public records" under this definition.
As my predecessor noted in Op. Att'y Gen. No. 99-305:
 If records fit within the definition of "public records". . ., they are open to public inspection and copying under the FOIA except to the extent they are covered by a specific exemption in that Act or some other pertinent law. The "unwarranted invasion of personal privacy" exemption is found in the FOIA at A.C.A. § 25-19-105(b)[12]. It exempts from public disclosure "personnel records to the extent that disclosure would constitute clearly unwarranted invasion of personal privacy."
 . . . The FOIA does not define the term "personnel records." Whether a particular record constitutes a "personnel record," within the meaning of the FOIA is, of course, a question of fact that can only be determined upon a review of the record itself. However, the Attorney General has consistently taken the position that "personnel records" are all records other than employee evaluation and job performance records that pertain to individual employees, former employees, or job applicants. See, e.g., Op. Att'y Gen. No. 99-147, citing Watkins, The Arkansas Freedom of Information Act (m m Press, 3rd Ed., 1998) at 134.
Accord, Ark. Op. Att'y Gen. No. 2001-122.
I have not reviewed the actual records in question. To the extent the records at issue reflect the salary of the affected employees, they are likely properly classified as "personnel records" for purposes of the FOIA. See, e.g., Op. Att'y Gen 2005-074 (. . . as a general rule . . . salary information . . . is contained in records that are properly classified as `personnel records.'"). Under the relevant statute, A.C.A. §25-19-105, "personnel records" are open to public inspection and copying, except "to the extent that disclosure would constitute "a clearly unwarranted invasion of personal privacy." A.C.A. §25-19-105(b)(12) (Supp. 2005).
The FOIA does not define the phrase "clearly unwarranted invasion of personal privacy." However, the Arkansas Supreme Court has construed the phrase and adopted a balancing test to determine if it applies, weighing the interest of the public in accessing the records against the individual's interest in keeping the records private. See Young v. Rice, 308 Ark. 593, 826 S.W.2d 252
(1992). If the public's interest outweighs the individual's interest, the custodian must disclose the personnel records. As the court noted in Young:
 The fact that section 25-19-105(b)(10) [now subsection 105(b)(12)] exempts disclosure of personnel records only when a clearly unwarranted personal privacy invasion would result, indicates that certain "warranted" privacy invasions will be tolerated. Thus, section 25-19-105(b)(10) requires that the public's right to knowledge of the records be weighed against an individual's right to privacy. . . . Because section 25-19-105(b)(10) allows warranted invasions of privacy, it follows that when the public's interest is substantial, it will usually outweigh any individual privacy interests and disclosure will be favored.
However, as the court noted in Stilley v. McBride,332 Ark. 306, 312, 965 S.W.2d 125 (1998), when "there is little relevant public interest" in disclosure, "it is sufficient under the circumstances to observe that the employees' privacy interest in nondisclosure is not insubstantial." Given that exemptions from disclosure must be narrowly construed, it is the burden of an individual resisting disclosure to establish that his "privacy interests outweigh that of the public's under the circumstances presented." Id. at 313. The fact that the subject of any such records may consider release of the records an unwarranted invasion of personal privacy is not relevant to the analysis.See Ark. Ops. Att'y Gen. Nos. 2001-112; 2001-022; 94-198; 94-178; and 93-055; Watkins, supra at 126. The test is an objective one. See e.g., Op. Att'y Gen. 96-133.
At issue, then, is whether disclosing documents that record an employee's salary would amount to a "clearly unwarranted invasion of personal privacy."
In my opinion, documents reflecting this type of information are subject to inspection and copying under the FOIA. See e.g.,
Ops. Att'y. Gen. 2005-114; 2005-100; 2005-085; 2005-058; 2005-057; 2004-258; 2004-256; 2004-255; 2004-202; 2002-257; 2002-107. I and my predecessors have consistently opined that basic employment information and salaries of public employees are subject to public inspection and copying. See e.g., Op. Att'y. Gen. 2005-051; 2003-298 and 2002-087.
I will further address your suggestion that the individual requesting the records should reveal reasons for seeking their disclosure. In Ark. Op. Att'y Gen. No. 2002-087, my predecessor addressed this issue as follows:
 [T]he long-held view [is] that the motive of an FOIA requester is ordinarily irrelevant to the analysis. See Op. Att'y. Gen. 2002-067 (". . . the balancing test under A.C.A. § 25-19-105(b)(12) does not turn upon the particular requester's motive in seeking the record where a public interest nevertheless exists in the information sought"). See also, Ops. Att'y Gen. 98-186; 96-309; 92-289 and Watkins, The Freedom of Information Act at 76 (m m Press, 3rd ed. 1998). The United States Supreme Court in Department of Defense v. FLRA, supra cited with approval language of an earlier case, Department of Justice v. Reporters Comm. For Freedom of Press, 489 U.S. 749
(1989), to this effect: "`whether an invasion of privacy is warranted cannot turn on the purposes for which the request for information is made.' Reporters Comm., 489 U.S., at 771. Because Congress clearly intended the FOIA `to give any member of the public as much right to disclosure as one with a special interest [in a particular document]' [citation omitted] . . . `the identity of the requesting party has no bearing on the merits of his or her FOIA request.'" 510 U.S. 487, 496. The Court also stated that "all FOIA requestors have an equal, and equally qualified, right to information. . . ." Id. at 499. "Thus whether disclosure of a private document . . . is warranted must turn on the nature of the requested document and its relationship to `the basic purpose of the Freedom of Information Act to open agency action to the right of public scrutiny' [citation omitted] rather than on the particular purpose for which the document is being requested." Reporters Comm., 489 U.S. at 772. Justice Ginsburg, in her concurrence in FLRA, noted the reason for this rule: "[t]his main rule serves as a check against selection among requesters, by agencies and reviewing courts, according to idiosyncratic estimations of the request's or requester's worthiness." 510 U.S. at 508.
Accordingly, although I have not reviewed the documents in question, I believe the custodian's decision to release the requested information, assuming it reflects salary information as described above, is consistent with the FOIA.
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:ECW/cyh